761 So.2d 195 (2000)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Kevin B. BISHOP.
No. 1999-JP-00779-SCT.
Supreme Court of Mississippi.
June 8, 2000.
*196 Luther Brantley, III, Irene Mikell Buckley, Jackson, Attorneys for Appellant.
Terrell Stubbs, Attorney for Appellee.
EN BANC.
PRATHER, Chief Justice, for the Court:

STATEMENT OF THE CASE
¶ 1. On June 8, 1998, the Mississippi Commission on Judicial Performance ("the Commission"), filed a complaint charging Kevin B. Bishop ("Bishop"), Justice Court Judge for Post Two, Simpson County, with judicial misconduct. The Formal Complaint alleged six counts of misconduct against Bishop. These counts arose out of allegations that Bishop had engaged in sexual relations with a fifteen-year-old minor, that he had intimidated that same minor, and that he had interrogated and intimidated a high school student who had made suggestive remarks to the minor.
¶ 2. A hearing was held on December 2, 1998 before a duly appointed committee ("the Committee") of the Commission. The Committee found two of the counts against Bishop to be supported by the evidence and recommended that the Commission recommend to this Court that Bishop be suspended from office for a period of ninety days and fined the sum of $ 1,500, together with all costs associated with the complaint. The Committee findings were presented to the full Commission for its consideration on April 9, 1999. The Commission adopted the Committee's findings with regard to the allegations against Bishop, but disagreement arose among the Commission members as to the sanctions to be recommended against Bishop. The Commission eventually decided to recommend to this Court that Bishop be publicly reprimanded rather than suspended from office, and that a $ 1,500, along with costs, be imposed against Bishop. These recommendations are currently before this Court, and Bishop has elected not to contest either the Commission's findings or recommended sanctions.

LAW
¶ 3. The following appeal requires this Court to determine whether the Commission's recommended sanctions against Judge Bishop should be adopted by this Court. The first two counts against Judge Bishop involved allegations that Judge Bishop had engaged in sexual relations with a female minor. The Commission found that the minor's testimony regarding these events was not credible and was directly contradicted by other testimony. The Commission accordingly dismissed these two counts, and this dismissal has not been challenged in the present appeal.
¶ 4. In spite of dismissing the allegations of sexual misconduct against Bishop, the Commission did find that Bishop had violated the Code of Judicial Conduct with regard to two of the counts against him. Count Three alleged that Bishop had conspired with Freddie Varnes, a jailor at the Simpson County Jail and an employee of the Sheriff's department, to "harass and intimidate" the family of the minor who was making the allegations against Judge Bishop. The Commission found the evidence to be "clear" that, Varnes had, pursuant to agreement with Bishop, parked his vehicle across from the house of the minor's house in order to intimidate her and her family. The tribunal further found by clear and convincing evidence that Judge Bishop had engaged in wilful misconduct in violation of Canons 1, 2A, 2B, 3A(4), and 3A(6) of the Code of Judicial Conduct.
¶ 5. The Commission also found the allegations in Count Five to have been clearly *197 established by the evidence. Count Five alleged that Bishop had "confronted, interrogated, and intimidated" a male high school student who had made "inappropriate sexual remarks" to the minor female who was the subject of the allegations in Counts I and II. The tribunal found by clear and convincing evidence that Bishop had interjected himself into a meeting between the male student and the school principal and used his position as judge to intimidate the student, in violation of Canons 1 and 2 of the Code of Judicial Conduct.
¶ 6. The canons which Judge Bishop was found to have violated provide as follows: CANON 1, "A Judge Should Uphold the Integrity and Independence of the Judiciary," provides that:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2, "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities," provides that:
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
CANON 3, "A Judge Should Perform the Duties of His Office Impartially and Diligently," provides that:
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism....
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
(6) A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court.
¶ 7. The appropriate standard of review for a judicial disciplinary proceeding is derived from Rule 10(E) of the *198 Rules of the Mississippi Commission on Judicial Performance, which provides that:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
Mississippi Comm'n on Judicial Performance v. Dodds, 680 So.2d 180, 190 (Miss. 1996); Mississippi Comm'n on Judicial Performance v. Chinn, 611 So.2d 849, 850 (Miss.1992). Although this Court is not bound by the Commission's findings, they are given great deference when based on clear and convincing evidence. Chinn, 611 So.2d at 850.
¶ 8. Bishop has elected not to contest the Commission's findings against him in the present appeal, writing that:
Respondent, while not in agreement with the findings and conclusions reached by the Commission, desires to end this matter with the least inconvenience to the parties and the Court as possible.
It is thus apparent that the Commission's findings that Bishop had engaged in wilful misconduct in violation of the Code of Judicial Conduct are not contested in the present appeal. Moreover, an independent review of the record reveals substantial support for the Commission's findings.
¶ 9. Upon finding the allegations in Counts III and V to have been proven by clear and convincing evidence, the Commission recommended that Bishop be publicly reprimanded and fined the sum of $ 1,500, together with all costs of $1,931.46. The imposition of sanctions is a matter left solely to the discretion of this Court. Mississippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 942 (Miss.1997). When determining appropriate judicial sanctions, the Commission must consider mitigating factors pursuant to this Court's holding in In re Inquiry Concerning Baker, 535 So.2d 47 (Miss.1988); Miss. Comm'n on Judicial Performance v. Walker, 565 So.2d 1117 (Miss.1990). Such factors are set forth below.
(1) The length and character of the judge's public service.
(2) Positive contributions made by the judge to the court and the community.
(3) The lack of prior judicial precedent on the incident in issue.
(4) Commitment to fairness and innovative procedural form on the part of the judge.
(5) The magnitude of the offense.
(6) The number of persons affected.
(7) Whether moral turpitude was involved.
¶ 10. As with the Commission's findings of fact regarding the evidence against him, Bishop does not contest the sanctions recommended by the majority of the Commission. Upon careful consideration, however, this Court agrees with the Committee that, in addition to the assessment of a $ 1,500.00 fine and costs, Bishop should properly be subjected to a ninety day suspension from office. We conclude that, based upon the serious nature of Bishop's misconduct, a suspension from office is an appropriate sanction in the present case based upon the factors set forth in Baker. The ruling of the Commission is accordingly affirmed in part and reversed in part.
¶ 11. THE RULING OF THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE IS AFFIRMED IN PART AND REVERSED IN PART. JUDGE KEVIN B. BISHOP IS HEREBY SUSPENDED FROM OFFICE FOR NINETY DAYS AND ASSESSED A FINE IN THE AMOUNT OF $1,500.00 AS WELL AS COSTS IN THE AMOUNT OF $ 1,931.46.
PITTMAN AND BANKS, P.JJ., MILLS, WALLER, COBB AND DIAZ *199 JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.
McRAE, Justice, dissenting:
¶ 12. I concur with the Commission's recommendation of a public reprimand and $1500.00 fine; however, I do not agree that the sanctions of $1,931.46 not fully explained or without any proof whatsoever in support of the traditional cost allowed should be assessed. The traditional costs allowed in our courts, i.e., transcripts, filing fees, etc., should only be the costs assessed. The Commission has not met its burden of proving these expenses and costs by clear and convincing evidence. Because it has not done so, the majority errs in adopting the Commission's recommendation and assessing costs of $1931.46 against Judge Bishop. I further do not agree to the 90-day suspension and feel the Commission got the penalty portion right.
¶ 13. The Certificate of Costs in this case is itemized only to the extent that we know that $267.11 was spent on travel expenses for Commission Members and $75.60 on witness fees, etc. Because there is no documentation of these expenses or, at the very least, a more specific itemization of these expenses, we cannot evaluate whether the amounts expended are those allowed by law.[1]
¶ 14. There is no authority in § 177A of the Mississippi Constitution for sanctioning Judge Bishop with the payment of $1931.46 in costs including travel expenses incurred by members of the Commission. Sanctions not specifically authorized under § 177A may not be ordered. In re Branan, 419 So.2d 145, 146 (Miss.1982). Travel expenses for members of the Commission are a most unusual expense, one that is not traditionally charged to litigants by this Court; the mere fact that they can be assessed only when the judge loses before the Commission acts as an incentive for members of the Commission to return a finding of guilt. In the case before us, Judge Bishop was apparently never given an itemized list of the costs nor was he ever given an opportunity to challenge the costs. In this respect, we give greater due process to our litigants in civil cases than we do to judges in disciplinary actions. Why?
¶ 15. There is no authority in § 177A of the Constitution or any statute or rule that specifies the costs to be assessed. Expenses for travel are not the sort of costs typically awarded litigants in our courts. Nor do courts routinely award costs supported solely by the uncorroborated request of a litigant. The costs and expenses assessed in this case have not been proved by clear and convincing evidence, and we should not rubber stamp them where no testimony has been taken or documentation entered into the record in their support. The Commission failed in its burden to prove the expenses and costs, and the majority errs when it accepts the recommendation of the Commission to assess them in this case.
¶ 16. Accordingly, I dissent.
NOTES
[1] For example, pursuant to 81 of the Rules of the Mississippi Commission on Judicial Performance and Miss.Code Ann. § 25-7-47 (1999), witnesses are entitled to only $1.50 per day and five cents per mile.